IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAQWANTA GRIMES, | : | HABEAS CORPUS |
| GDC ID 1000111989, | : | 28 U.S.C. § 2254 |
|    Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-3956-TWT-CMS |
| WILLIAM DANFORTH, | : | |
|    Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

State inmate Jaqwanta Grimes has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [1] and an Affidavit in Support of Request to Proceed *In Forma Pauperis* ("IFP") [2].

Because Mr. Grimes' IFP Affidavit indicates that he has $75.77 in his inmate account, *see* [2 at 3], and can afford to pay the $5 filing fee for this case, his request for permission to proceed IFP is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order and Final Report and Recommendation to the Respondent, and the Respondent or his designee is **ORDERED** to remit $5 from Mr. Grimes' inmate account to this Court in payment of the filing fee.

Mr. Grimes – who (i) states no grounds for relief in his petition and (ii) appears to be filing it as a "placeholder" to guard against the expiration of the limitations period for filing under 28 U.S.C. § 2244(d)(1) – requests only that his

federal petition be held in "abeyance while Petitioner exhaust[s] his state remedies" [1 at 3].

As a general matter, "[a]n application for a [federal] writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). A "stay and abeyance" procedure has been sanctioned by the Supreme Court only where a petition is filed containing both exhausted and unexhausted claims and very unusual circumstances exist. *See generally Rhines v. Weber*, 544 U.S. 269, 275-79 (2005). None of those circumstances is present here. Rather, this case is one in which the general rule that a federal petition presenting unexhausted claims ought to be dismissed without prejudice to permit the petitioner to fully-exhaust available state remedies applies. *See generally Rose v. Lundy*, 455 U.S. 509, 519-20 (1983).

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

The undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** because Mr. Grimes cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Grimes is **ADVISED** that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under [§ 2244(d)]," 28 U.S.C. § 2244(d)(2) (emphasis added), and that he can refile his federal habeas petition as soon as his state habeas petition is fully-adjudicated.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO ORDERED, RECOMMENDED, AND DIRECTED**, this 19th day of November, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE